IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG <br><br> **This Document relates to:** <br><br> • *City of Hialeah, Florida v. 3M Co., et al.*, No. 2:23-cv-01484; <br><br> • *City of Tampa, Florida v. 3M Co., et al.*, No. 2:20-cv-01889; <br><br> • *State of Alaska v. 3M Co., et al.*, No. 2:21-cv-02804; <br><br> • *Commonwealth of Massachusetts v. 3M Co., et al.*, No. 2:22-cv-01649; <br><br> • *State of New Hampshire v. 3M Co., et al.*, No. 2:19-cv-02285; <br><br> • *Palm Beach County v. 3M Co., et al.*, No. 2:24-cv-06957; <br><br> • *Howard County, Maryland v. 3M Co., et al.*, No. 2:23-cv-02463; <br><br> • *City of Monroe v. 3M Co., et al.*, No. 2:21-cv-2464; <br><br> • *City of Shreveport v. 3M Co., et al.*, No. 2:22-cv-04516; <br><br> • *Town of Oxford, Indiana v. 3M Co., et al.*, No. 2:24-cv-01577 |

**PLAINTIFFS' OPPOSITION TO MOTION TO COMPEL AND
<u>CROSS MOTION FOR PROTECTIVE ORDER</u>**

**Table of Contents**

I.    INTRODUCTION ................................................................................................... 1

II.   LEGAL STANDARD ............................................................................................ 2

III.  ARGUMENT & AUTHORITIES ......................................................................... 2

   A.  CMO 32 Does Not Permit Defendants to Take Rule 30(b)(6) Depositions and First-Hand Fact Witness Testimony is the Best Evidence of Product Identification. .................. 2

   B.  Defendants Improperly Seek Expert Opinion Rather Than Product ID Discovery. ... 5

   C.  Rule 30(b)(6) Depositions Impose a Heavy Burden on Plaintiffs. ............................... 7

   D.  Defendants' Notices are Overly Broad and, if Permitted, Should Be Limited in Scope. .................................................................................................................................. 9

IV.   CONCLUSION ..................................................................................................... 14

2:18-mn-02873-RMG    Date Filed 09/26/25    Entry Number 8106    Page 2 of 19

## Table of Authorities

**Cases**

*Ardrey v. United Parcel Service*, 798 F.2d 679 (4th Cir. 1986). ................................................. 2
*Artis v. Murphy-Brown LLC*, No. 7:14-CV-237-BR, 2018 WL 3352639 (E.D.N.C. July 9, 2018). 2
*Carlisle Smith v. Carlisle Industrial Brake & Friction, Inc*., 379 So.3d 11(Fla. App. 1 Dist. 2023) ................................................................................................................................................ 7
*Davis v. John Crane, Inc*., 836 S.E.2d (Ga. App. 2019) ................................................................ 7
*Fonner v. Fairfax Cnty*., 415 F.3d 325 (4th Cir. 2005). ................................................................ 2
*Freitas v. Johnson & Johnson Consumer, Inc*., 2024 WL 1940255 (M.D. Fla. 2024).................... 6
*Gourdine v. Karl Storz Endoscopy–America, Inc*., 225 F. Supp.3d 428 (D.S.C. 2016)........... 8, 13
*Gregorio v. Rust–oleum Corporation*, 2013 WL 1695572 (Cal. App. 4 Dist. 2013) ..................... 7
*In re Aqueous Film-Forming Foams Products Liability Litigation*, 2022 WL 678996 (D.S.C. 2022). ........................................................................................................................................ 8
*Koppers Performance Chemicals, Inc. v. Travelers Indem. Co.*, 638 F. Supp. 3d 610 (D.S.C. 2022) ......................................................................................................................................... 2
*Tarokh v. Wal-Mart Stores East, LP,* 342 F.R.D. 383 (D.S.C. 2022).......................................... 2, 8
*Wellin on behalf of Estate of Wellin v. Farace*, 2022 WL 14898396 (D.S.C. 2022)...................... 9

**Rules**

Fed. R. Civ. P. 26(c). ...................................................................................................................... 2
Fed. R. Civ. 30(b)(6) .............................................................................................................. *passim*

iii

### I.  INTRODUCTION

Case Management Order ("CMO") 32 governs "focused product identification discovery" regarding "sites on which AFFF was alleged to have actually been used." ECF 6571 at 1. Although CMO 32 permits "robust product ID discovery," "this discovery is to be limited to Product ID discovery, only, absent agreement of the parties." *Id*. at 6.

CMO 32 differentiates between the Rule 30(b)(6) depositions Plaintiffs are entitled to take and fact witness depositions allowed for the Defendants. Despite this unambiguous delineation, Defendants served Plaintiffs with Rule 30(b)(6) deposition notices.[1] In meet and confers between the parties, Plaintiffs offered to provide the names of the witnesses most knowledgeable of the products used and challenged the 30(b)(6) designation as contrary to CMO 32 and overbroad in seeking information well beyond "product ID discovery, only," as limited by CMO 32.

Defendants have now moved to compel such Rule 30(b)(6) depositions of Plaintiffs. *See* Defense Co-Lead Counsel's Motion To Compel Plaintiffs To Designate A Rule 30(B)(6) Witness For Each CMO 32 Product ID Site ("Motion to Compel"), ECF 8075. Because the explicit language of CMO 32 does not afford Defendants the right to Rule 30(b)(6) depositions at this initial product identification stage, Plaintiffs oppose Defendants' Motion to Compel and cross-move this Court for a protective order limiting Defendants to fact depositions of witnesses for the CMO 32 Sites. In the alternative, should the Court determine that Rule 30(b)(6) depositions are

---

[1] The notices served are attached to Defendants' Motion to Compel as Exhibits A-L, ECF 8075-1 through 8075-12 (September 22, 2025).

appropriate at this stage, Plaintiffs seek an order limiting the Rule 30(b)(6) topics to the sole issue of product identification.[2]

## II. LEGAL STANDARD

The party seeking a protective order must show good cause. *Tarokh v. Wal-Mart Stores East, LP,* 342 F.R.D. 383, 385 (D.S.C. 2022). "A party moving for a protective order has the burden of making a particularized showing of why discovery should be denied, and conclusory or generalized statements in the motion fail to meet this burden." *Koppers Performance Chemicals, Inc. v. Travelers Indem. Co.*, 638 F. Supp. 3d 610, 613 (D.S.C. 2022) (*citing Artis v. Murphy-Brown LLC*, No. 7:14-CV-237-BR, 2018 WL 3352639, at *2 (E.D.N.C. July 9, 2018)). If the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive, the Court may issue a protective order "forbidding the discovery," "specifying terms" for the discovery, "prescribing a discovery method other than the one selected by the party seeking discovery;" and "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c).

"[A] district court has wide latitude in controlling discovery and ... its rulings will not be overturned absent a clear abuse of discretion." *Ardrey v. United Parcel Service*, 798 F.2d 679, 682 (4th Cir. 1986). Likewise, whether to enter a protective order is committed to the sound discretion of the trial court. *Fonner v. Fairfax Cnty.*, 415 F.3d 325, 331 (4th Cir. 2005).

## III. ARGUMENT & AUTHORITIES

**A. CMO 32 Does Not Permit Defendants to Take Rule 30(b)(6) Depositions and First-Hand Fact Witness Testimony is the Best Evidence of Product Identification.**

---

[2] On September 24 & 26, 2025, Plaintiffs conferred with Defendants regarding this motion for protective order and the proposed narrowed Fed. R. Civ. 30(b)(6) topics. The parties intend to continue to meet and confer to try to resolve the instant disputes.

The plain language of CMO 32 distinguishes between the depositions permitted for Defendants and those permitted for Plaintiffs, allowing only the latter to take 30(b)(6) depositions:

> States to ensure the efficient accomplishment of such discovery.
>
> b. **Depositions**: The presumptive limit on depositions will be as set forth below. However, should a party assert that additional depositions beyond the presumptive limit are necessary, the Parties shall meet and confer and promptly raise any disputes with the Court as necessary:
>
>     i. **Party Depositions:**
>
> - Defendants shall be entitled to up to two (2) case-specific depositions for each Plaintiff for a Real Property Product ID Site.
>
> - Plaintiffs shall be entitled to take one Rule 30(b)(6) deposition of each Defendant named in the Real Property Product ID Site cases, unless a defendant designates multiple witnesses. To the extent plaintiff(s) identify some nexus between a defendant and plaintiff relevant to a particular Site, the parties shall meet and confer regarding non-duplicative, fact deposition(s) to address the discovery sought. Defendants shall not unreasonably withhold agreement to producing said fact witness(es) for deposition. Any such additional fact deposition(s) shall not seek duplicative testimony already obtained from the defendant's Rule 30(b)(6) deposition(s).

CMO 32, ECF 6571 at 5.

In their Motion to Compel, Defendants claim that this reading "makes no sense" because "[f]ar from limiting the discovery devices available to Defendants, this language sets a reasonable scope on this limited-purpose discovery and gives Defendants the flexibility to deal with the reality that certain Plaintiffs have two separate CMO 32 sites at issue." ECF 8075 at 7. Defendants claim that they "negotiated that limitation because, unlike each of the Plaintiffs involved in these sites, Defendants have already gone through dozens of fact witness depositions." *Id*. Whatever the intent, the language that the parties negotiated and agreed upon, and the Court ordered, explicitly sets

3

different rules for Plaintiffs than for Defendants. If the Court had intended to include the 30(b)(6) language in the first highlighted bullet point above, it could have done so. Defendants cannot rewrite these rules to whatever suits them now.

Moreover, and importantly, the distinction is not one without a difference. As with every bellwether to date, one of the primary sources of product identification evidence will be testimony from firefighters as to the different AFFFs used at the various CMO 32 sites. Their first-hand knowledge/testimony is the best evidence available for the purposes of product identification, and that comes from percipient witnesses who may have used AFFF(s) at a particular CMO 32 site. Given the availability of these witnesses to testify (whose identities have already been provided to Defendants), it would make zero sense for these individuals to instead pass their knowledge on to a third-party Rule 30(b)(6) witness when the testimony can come straight from the proverbial horse's mouth.

The City of Shreveport case provides an example of why it makes the most logical sense to start with fact witness depositions of individual firefighters before proceeding with further depositions, as may be appropriate in later stages, including Rule 30(b)(6) deposition(s). The fact witnesses who are most knowledgeable regarding historical AFFF use at the City of Shreveport's Fire Academy are all retired from the department. One witness retired 25 years ago, another 17 years ago, a third retired approximately one year ago. These three retirees can provide testimony regarding historical foam use from 1970 to 2024 – an over fifty-year history.

In contrast, the current fire chief, current chief of training, and current training instructors have more limited firsthand information and would need extensive preparation to absorb over fifty years of information. Thus, Plaintiffs submit that fact witnesses be deposed first, so the record can be built from the firsthand witnesses who acquired the AFFF, stored the AFFF, used the AFFF,

4

and/or orchestrated the training with AFFF, and can testify with specificity about those topics which are at issue in this phase. Even the best prepared Rule 30(b)(6) witnesses will only be repeating what can be learned from these retirees, adding the burdensome step of preparing a Rule 30(b)(6) witness when the testimony can be readily elicited from those with firsthand knowledge.

### B.  Defendants Improperly Seek Expert Opinion Rather Than Product ID Discovery.

Defendants claim that 30(b)(6) depositions are necessary because simply identifying, as a factual matter, which products were used at each CMO 32 Site is not enough under CMO 32:

> Simply confirming at this stage whether the AFFF involved was "Ansulite," "Universal Gold," and/or "Buckeye" would offer no meaningful answers as to the question of whether there is or is not product identification for the component manufacturers or even an upstream AFFF manufacturer. And it does not fairly put the AFFF manufacturers (or the component manufacturers) on notice as to what products may be at issue at each of these sites.

ECF 8075 at 8. Here, Defendants posit that a list of AFFF brands used at a CMO 32 Site is meaningless because it does not identify the component manufacturers whose products were used to make each AFFF.

Whether by 30(b)(6) or fact witness, providing a list of manufacturers' AFFF products identified at each Site does indeed put the AFFF manufacturers on notice as to the product(s) at issue at each Site. It is impossible to believe Defendants' claim that confirming a Site used "Ansulite" AFFF would not do so. At a minimum, there can be no dispute that an AFFF product list clearly identifies proper AFFF manufacturer Defendants for a particular CMO 32 Site, and thus such Defendants are proper Defendants in the case.

But here, Defendants seek 30(b)(6) designations and effectively impose on Plaintiffs at this stage the task of correlating AFFF to its component parts, when that connection requires both information that is in Defendants' control (*i.e.*, the formulation of each AFFF product) and expert

5

analysis. This Court has not required Plaintiffs to make such a connection without expert testimony and CMO 32 does not contemplate expert discovery.

In the CMO 13 public water system bellwether cases, CMO 27 Telomer bellwether cases, and the CMO 26 Pennsylvania Group A personal injury bellwether cases, fact witnesses identified AFFF products based on their best recollections. Plaintiffs' experts, Dr. Christopher Higgins and Jonathan Martin, then tied those identified AFFF products to the appropriate component manufacturers using a body of documentary, testimonial, and chemical evidence. This expert analysis includes determining whether a Site requires Mil-Spec AFFF which then requires identifying products that met the Mil-Spec at any given time, reviewing and analyzing blend sheets depicting the chemical formulations of different AFFFs to help identify both the fluorosurfactant and raw material suppliers, reviewing analytes in the soil and groundwater, and deciphering Defendants' discovery responses to likewise determine which component manufacturer(s) supplied products to the identified manufacturers for the time period identified. This complicated process of matching upstream Defendants to identified AFFF products is and has been the purview of experts. Here, CMO 32 does not provide for expert discovery; Defendants do not explain how or why a Rule 30(b)(6) witness would properly testify regarding matters that have been, and will be, in the ambit of experts given the complex chemistry-based scientific knowledge necessary to review and understand AFFF formulations over time.

Moreover, Defendants point to no authority requiring more "product identification" in a products liability case than identifying the manufacturer of the product. To establish "product identification," Plaintiffs regularly testify that they used a particular brand of product, not the batch or lot numbers. *See*, *e.g.*, *Freitas v. Johnson & Johnson Consumer, Inc.*, 2024 WL 1940255, at *2 (M.D. Fla. 2024) ("courts applying Florida law have found allegations of a named brand and

6

product—without specific information such as lot number or UPC code—sufficiently detailed to identify the products at issue."); *Carlisle Smith v. Carlisle Industrial Brake & Friction, Inc*., 379 So.3d 11, 14 (Fla. App. 1 Dist. 2023) (reversing summary judgment where plaintiff never identified manufacturer Carlisle by name when evidence established that Carlisle supplied products sold under the "Mack" name that plaintiff identified); *Davis v. John Crane, Inc*., 836 S.E.2d 577, 581, (Ga. App. 2019) (reversing summary judgment for asbestos manufacturer that plaintiff testified that he worked with "John Crane" products); *Gregorio v. Rust–oleum Corporation*, 2013 WL 1695572, at *1 (Cal. App. 4 Dist. 2013) (unpublished) (reversing summary judgment because plaintiff's identification of manufacturer, but not of specific products, raised a triable issue of fact).

For purposes of CMO 32, if the Plaintiffs have identified "Buckeye" foam at a Site, Buckeye is implicated in the case, whether the specific product name is Buckeye Platinum 3-6% AR-AFFF or just Buckeye 3% AFFF. A fact issue would thus exist preventing summary judgment for, or dismissal of, Buckeye; and a fact issue would prevent dismissing any of the component part manufacturers that may have supplied surfactant to Buckeye unless and until an expert (on either side) established through, *e.g.*, formulation blend sheets that either a particular AFFF formulation included particular fluorosurfactants created from certain raw materials at a certain time or did not. This level of scientific knowledge is not of the type that a lay-fact witness can be educated on, which is why Plaintiffs' product identification witnesses, to date, have identified AFFF products and left the identity of upstream Defendants to the experts. This established protocol should apply here too.

    **C.**    **Rule 30(b)(6) Depositions Impose a Heavy Burden on Plaintiffs.**

As discussed above, the topic at issue --- which manufacturers' AFFF products were used at the CMO 32 Sites at various times --- is best explored by taking depositions of fact witnesses who worked at those Sites and have personal knowledge of the AFFF products used there.

By contrast, if Plaintiffs must present and prepare a Rule 30(b)(6) designee to testify regarding product use at a CMO 32 Site, each Plaintiff must identify a witness prepared "to testify beyond his own personal knowledge to matters known to the corporation [*e.g.,* the State of Alaska] as a whole." *Tarokh v. Wal-Mart Stores East, LP*, 342 F.R.D. 383, 386 n.3 (D.S.C. 2022). Each Plaintiff would be "expected to create an appropriate witness or witnesses from information reasonably available to it if necessary." *Scott Hutchison Enters., Inc., v. Cranberry Pipeline Corp.*, 318 F.R.D. 44, 55 (S.D.W. Va. 2016). "Doing so may require extensive preparation, document review, interviews, and other forms of investigation to reasonably identify the [State's] relevant knowledge and positions." *U.S. v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996). This Court has recognized the burden imposed by a 30(b)(6) deposition: the designee must prepare by consulting "present or past employees, or other sources," "may also have to review 'prior fact witness deposition testimony as well as documents and deposition exhibits.'" *In re Aqueous Film-Forming Foams Products Liab. Litig.*, 2022 WL 678996, at *3 (D.S.C. 2022). While such preparation may be appropriate for a case chosen as a trial bellwether, these cases are not yet in that position. CMO 32 envisions "focused product identification discovery" before "further proceedings as to these cases or any subset of such cases, including as to whether any such case(s) would be appropriate for continued workup in a bellwether or trial work-up process." At this preliminary stage, however, extensive witness preparation imposes a burden on plaintiffs with no concomitant benefit to Defendants: the information is readily available from Plaintiffs' written discovery responses and from depositions of fact witnesses. *See Gourdine v. Karl Storz Endoscopy–America, Inc.*, 225

F.Supp.3d 428, 430 (D.S.C. 2016) (the undue burden analysis requires "weighing a subpoena's benefits and burdens" and "consider[ing] whether the information is necessary and whether it is available from any other source.").[3]

Plaintiffs' proposal that the Parties proceed with fact depositions would provide Defendants "focused product identification discovery" to allow discussion of whether "any further proceedings . . . may be warranted as to these cases or any subset of such cases." Defendants' tendentious and obstinate refusal to consider fact witnesses in light of the clear language of CMO 32 calls into question their motivations, and whether they seek some strategic advantage in forcing the Plaintiffs to commence with a witness who necessarily has to rely on secondhand information.

**D.     Defendants' Notices are Overly Broad and, if Permitted, Should Be Limited in Scope.**

Rule 30(b)(6) requires the party requesting the deposition to "describe with reasonable particularity the matters for examination." Topics that are overly broad or general do not meet the "reasonable particularity" standard. *Wellin on behalf of Estate of Wellin v. Farace*, 2022 WL 14898396, at *4 (D.S.C. 2022). Many of the noticed 30(b)(6) topics fail to meet this standard.

By way of example, the Rule 30(b)(6) notice served on the State of Alaska for Cold Bay Airport lists the following topics:

---

[3] Plaintiffs have identified products at issue at the CMO 32 Sites via several means: written discovery responses, the PIDPF required under CMO 32, and supplemental information conveyed after meet and confer discussions.

9

## TOPICS[1]

1. The name, current or former job title, and contact information for all individuals with knowledge of how AFFF is or has been purchased, received, stored, tracked, used and disposed of at the CMO 32 Site.

2. The identity and characteristics of any AFFF product(s) that have been or are _present_ at the CMO 32 Site, including, without limitation each AFFF brand and/or formulation present, volume present, date(s) present (including the earliest date each brand of AFFF was first present), and disposition of such foam (i.e. whether the AFFF was used or went unused) and/or the containers in which they were originally stored.

3. The identity and characteristics of any AFFF product(s) that have been _used or otherwise released_ at the CMO 32 Site, including, without limitation the AFFF brand and/or formulation, volume used or released, and date(s) used or released.

4. How and where AFFF is or has been stored at the CMO 32 Site, including, without limitation whether one brand or formulation of AFFF may have been stored in a container that was previously used for another brand or formulation of AFFF.

5. The process by which You have ordered and/or received AFFF at the CMO 32 Site or by which You tracked or were otherwise aware of what AFFF products were brought to the CMO 32 Site.

6. Details regarding any Database, inventory log, or other tracking system containing information about type of AFFF sold, delivered to, stored, or used at the CMO 32 Site, including,

*See* ECF 8075-1. These topics are, on their face, too broad to fit within the limited scope of product identification discovery allowed under CMO 32.[4]

Topic 1 asks for contact information for "all individuals with knowledge" of how the State has purchased, moved, and used AFFF at the Cold Bay Airport. On a statewide level, for 30(b)(6) purposes, this topic requires an individual to research and locate potentially dozens of present and former State employees across various departments including the Department of Transportation, Procurement, and Finance as well as the individuals who worked at the Airport itself over a 50-year period. This topic's wide-ranging net may catch administrative employees who entered purchase orders as well as airport firefighters who sprayed AFFF. As such, it is overbroad for limited CMO 32 discovery, and preparing a witness to cover the existing topic would unnecessarily add undue burden to the State, when the point of CMO 32 is to identify AFFF products used at the Airport rather than identifying the universe of people with knowledge of the State's process for ordering AFFF.

Topic 2 goes further afield, asking that the State prepare a witness to testify regarding "the identity and characteristics of" any AFFF present at the Cold Bay Airport. The "characteristics" of AFFF are not further defined, and thus this topic is not described with reasonable particularity and provides no basis for the preparation of witnesses. Further, the "characteristics" and "formulation"

---

[4] Defendants withheld discovery responses based on the limited scope of CMO 32. For example, Tyco objected as follows to Alaska's request for documents regarding training foam and PFOA/PFOS-containing products:

Tyco will only produce documents related to product ID discovery pursuant to Case Management Order No. 32 ("CMO 32"). *See* Dkt. No. 6571 at ¶ B.2 ("Although robust Product ID discovery is permissible, this discovery is to be limited to Product ID discovery, only, absent agreement of the parties."). Tyco objects to any part of the Discovery Requests to the extent they seek documents or information beyond product ID discovery, as such requests are overbroad, premature, and seek information or documents that are neither relevant nor likely to lead to discoverable evidence concerning the limited issues identified pursuant to CMO 32.

11

of AFFF likely requires expert testimony and does nothing to identify products used at the Airport, as is the aim of CMO 32.

Topic 3 largely duplicates Topic 2 and is improper for the same reasons.

Topic 4 requests testimony regarding how and where AFFF has been stored at the CMO 32 Site. Although limited in scope, this information goes beyond identifying which manufacturers' AFFF products were used at the Airport. And such information, if eventually necessary, is readily available from fact witnesses and can be obtained without imposing upon the State the burden of preparing a 30(b)(6) witness.

Topic 5 asks for testimony regarding the "process" by which the State has ordered, received, tracked, or was "aware of" AFFF at the Airport. As with Topics 1 and 2, this topic is not described with reasonable particularity and provides no basis for the preparation of witnesses to discuss specific questions. Further, as with Topic 1, this topic requires an individual to research and locate potentially dozens of State employees across various departments including the Department of Transportation, Procurement, and Finance as well as the individuals who worked at the Airport itself. As with Topic 1, this topic's wide-ranging net may catch administrative employees who entered purchase orders as well as airport firefighters. As such, it is overbroad and unduly burdensome to designate and prepare a 30(b)(6) witness in the context of limited CMO 32 discovery.

Topic 6 asks about any "Database, inventory log, or other tracking system containing information" about AFFF used at the Site. This type of Statewide information may eventually be discoverable should the State's Site(s) move forward as bellwethers, but it is beyond the scope of narrow product identification discovery permitted at this time. As with the other topics, preparing a 30(b)(6) witness would be unduly burdensome to the State, when the point of CMO 32 is to

identify products used at the Airport rather than develop information regarding the State's inventory databases. And, again, the goal of CMO 32 --- identifying which manufacturer's product(s) were used at a Site --- may be accomplished through fact witness depositions that avoid undue burden on the State.

This Court has previously protected a party from a Rule 30(b)(6) deposition regarding topics outside the scope of phased discovery. In *Gourdine v. Karl Storz Endoscopy–America, Inc*., a products liability suit against a German manufacturer and its California subsidiary that distributes the allegedly defective device at issue, the Court allowed limited jurisdictional discovery on the narrow issue of whether the California company's actions were imputable to the manufacturer such that they would create personal jurisdiction over the German manufacturer. 225 F. Supp. 3d 428, 429 (D.S.C. 2016). The plaintiff noticed two 30(b)(6) depositions of the California subsidiary, one regarding "marketing materials including design, creation and changes to such materials" and the other regarding the relationship between the manufacturer and its subsidiary. *Id*. at 430. The Court granted the subsidiary's motion for protective order as to the first because "the general design, creation, and modification of marketing materials is a topic too broad to fit within the limited scope of jurisdictional discovery regarding the relationship between" the two companies. *Id*.

Plaintiffs seek a similar limitation here. If the Court finds that CMO 32 entitles Defendants to Rule 30(b)(6) depositions, Plaintiffs ask the Court to limit such depositions to the precise subject matter envisioned by CMO 32. Specifically, Plaintiffs ask the Court to strike Topics 1, 4, 5, and 6 in their entirety and to limit Topics 2 and 3 as follows:

> 2. The identity ~~and characteristics~~ of any AFFF product(s) that have been or are present at the CMO 32 Site, including, without limitation each AFFF brand ~~and/or formulation~~ present, volume

13

present, date(s) present (including the earliest date each brand of AFFF was first present), and disposition of such foam (i.e. whether the AFFF was used or went unused) ~~and/or the containers in which they were originally stored.~~

3. The identity ~~and characteristics~~ of any AFFF product(s) that have been used or otherwise released at the CMO 32 Site, including, without limitation the AFFF brand ~~and/or formulation, volume used or released, and date(s) used or released~~.

Such a limitation accomplishes the goal of CMO 32 and avoids undue burden on Plaintiffs.

## IV.    CONCLUSION

Plaintiffs thus move this Court for a protective order limiting Defendants to fact witness depositions at this stage of CMO 32 discovery. In the alternative, Plaintiffs seek an order limiting the 30(b)(6) deposition topics in accord with CMO 32.

Dated: September 26, 2025                    Respectfully submitted,

*s/ Fred Thompson, III*
Fred Thompson III
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
P: (843) 216-9658
fthompson@motleyrice.com

*Plaintiffs' Liaison Counsel*

Michael A. London
Douglas and London PC
One State Street, 35th Floor
New York, NY 10004
P: 212-566-7500
mlondon@douglasandlondon.com

Scott Summy
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
P: 214-521-3605
ssummy@baronbudd.com

Joseph F. Rice
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
P: (843) 216-9118
jrice@motleyrice.com

*Co-Lead Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing was electronically filed with this Court's CM/ECF on this 26th day of September 2025 and was thus served electronically upon counsel of record.

                                         */s/ Fred Thompson, III*
                                         Fred Thompson